**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | | |
|---|---|---|
| **LISA PRATT, JENNA BOATNER, NATALIE HERRINGTON, TIM HERRINGTON, SAMANTHA TUPPER, KATHY TUPPER, DON PIERSON, LISA PIERSON, ROBIN GUEBEL, SHOSHANNAH BROADWAY, ROBERT MOWLAM, STEPHANIE MOWLAM, PATTY MAGOULAS, NATALIE MAGOULAS, JAMES SHUTE, DONNA SHUTE, JANELL DISCHLER, JOHN GUEBEL, ANGELA CULVER AND TERESA EMLET,** | § § § § § § § § § | **CAUSE NO. _____** |
| **Plaintiffs** | § | |
| **v.** | § | **JURY DEMAND** |
| **CARNIVAL CORPORATION D/B/A CARNIVAL CRUISE LINES,** | § | |
| **Defendant.** | § | |

<u>**PLAINTIFFS' ORIGINAL COMPLAINT**</u>

Plaintiffs, **LISA PRATT, JENNA BOATNER, NATALIE HERRINGTON, TIM HERRINGTON, SAMANTHA TUPPER, KATHY TUPPER, DON PIERSON, LISA PIERSON, ROBIN GUEBEL, SHOSHANNAH BROADWAY, ROBERT MOWLAM, STEPHANIE MOWLAM, PATTY MAGOULAS, NATALIE MAGOULAS, JAMES SHUTE, DONNA SHUTE, JANELL DISCHLER, JOHN GUEBEL, ANGELA CULVER AND TERESA EMLET**, complain of Carnival Corporation d/b/a Carnival

---

Cruise Lines ("Carnival"), Defendant, and would respectfully show the Court as follows:

## I.
## PARTIES

1.      Plaintiff Lisa Pratt, is a citizen of Texas, as well as the United States, and has been domiciled at all material times in the Eastern District of Texas.

2.      Jenna Boatner, is a citizen of Texas, as well as the United States, and has been domiciled at all material times in the Eastern District of Texas.

3.      Natalie Herrington and Tim Herrington, are Husband and Wife and are citizens of Texas, as well as the United States, and have been domiciled at all material times in the Eastern District of Texas.

4.      Samantha Tupper, is a citizen of Texas, as well as the United States, and has been domiciled at all material times in the Eastern District of Texas.

5.      Kathy Tupper, is a citizen of Texas, as well as the United States, and has been domiciled at all material times in the Eastern District of Texas.

6.      Don Pierson, is a citizen of Texas, as well as the United States, and has been domiciled at all material times in the Eastern District of Texas.

7.      Lisa Pierson, is a citizen of Texas, as well as the United States, and has been domiciled at all material times in the Eastern District of Texas.

8.      ShoShannah Broadway, is a citizen of Texas, as well as the United States, and has been domiciled at all material times in the Eastern District of Texas.

9.      Robin Guebel, is a citizen of Texas, as well as the United States, and has been domiciled at all material times in the Eastern District of Texas.

10.     Robert Mowlam and Stephanie Mowlam, are Husband and Wife and are citizens of Texas, as well as the United States, and have been domiciled at all material times in the Eastern District of Texas.

11.     Patty Magoulas, is a citizen of Texas, as well as the United States, and has been domiciled at all material times in the Eastern District of Texas.

12.     Natalie Magoulas, is a citizen of Texas, as well as the United States, and has been domiciled at all material times in the Eastern District of Texas.

13.     James Shute and Donna Shute, are Husband and Wife and are citizens of Texas, as well as the United States, and have been domiciled at all material times in the Eastern District of Texas.

14.     Janell Dischler, is a citizen of Texas, as well as the United States, and has been domiciled at all material times in the Eastern District of Texas.

15.     John Guebel, is a citizen of Texas, as well as the United States, and has been domiciled at all material times in the Eastern District of Texas.

16.     Angela Culver, is a citizen of Texas, as well as the United States, and has been domiciled at all material times in the Eastern District of Texas.

17.     Teresa Emlet, is a citizen of Texas, as well as the United States, and has been domiciled at all material times in the Eastern District of Texas.

18.     Defendant CARNIVAL CORPORATION D/B/A CARNIVAL CRUISE LINES is a Panamanian corporation doing business in the State of Texas.  Service of process was had upon Defendant by serving its Texas registered agent for service, National Registered Agents, Inc., 1021 Main Street, Suite 1150, Houston, Texas 77002. It owns and operated the cruise ship in question.

## II.
### JURISDICTION & VENUE

19.     Diversity jurisdiction is proper in this Court under 28 U.S.C. §1332 (a)(1) because the Defendant is domiciled outside Texas and the Plaintiffs are citizens of Texas; and the amount in controversy exceeds $75,000, excluding interest and costs.

20.     Maritime jurisdiction is proper in this Court because Plaintiffs assert fraud and misrepresentation against Defendant in connection with the formation of a maritime contract and breach of performance of a maritime contract pursuant to 28 U.S.C. §1333.

21.     In the alternative, this Court has supplemental jurisdiction over all other claims that are so related to claims in action within the original jurisdiction that they form the same case or controversy under Article III of the U.S. Constitution pursuant to 28 U.S.C. §1367.

22.      Venue is proper in this Federal Court in the Eastern District of Texas because several of the Plaintiffs resided in this District at all relevant times in question.  Pursuant to the Maritime Liability Statute, 46 U.S.C.A. § 30101 et seq. and Tex. Civ. Prac. & Rem. Code § 15.0181(c)(3), venue in this Court is proper.

23.     Any contractual venue provisions different from those stated above are void or voidable.  Plaintiffs plead that any other venue provisions are void based on the principles of:

    A.    Unconscionability.  Under the totality of the circumstances, Plaintiffs had no bargaining ability.  In addition, prior to leaving port, Defendant was aware of the mechanical problems on board the Vessel in question and the lack of its seaworthiness; or in the alternative,

    B.    Misrepresentation and Fraudulent Inducement.  Prior to departure, Defendant knew that the Vessel in question was not sufficiently seaworthy to be able to provide Plaintiffs a safe, sanitary, and enjoyable voyage.  Plaintiffs relied on Defendant's false assertion that they would have a safe, comfortable, and fun cruise experience aboard Defendant's Vessel.

### III.
### FACTS

24.     Plaintiffs were passengers and invitees aboard the Carnival Triumph (the "Vessel") that left port from Galveston, Texas on Thursday, February 7, 2013 for a leisure cruise vacation to Mexico.  The Vessel was scheduled to arrive back to Texas on Monday morning, February 11, 2013.

25.     However, on Sunday, February 10, 2013, while at sea at around 5:30 a.m., the Vessel lost power after an engine room caught fire.  The Vessel either drifted or floated at sea for five days without a propulsion system, most electric generators, and other necessary machinery, including but not limited to, sanitation systems, waste water disposal, refrigeration for food, climate control, and plumbing.

26.     As a result, Plaintiffs were physically harmed and fearful for their lives when they were trapped aboard the listing Vessel and forced to endure unsafe, unsanitary, and unreasonable living conditions for five days.

27.     Plaintiffs were exposed to urine and feces, along with the noxious odors of raw sewage, which spilled out of the now non-functioning toilets and shower drains; and leaked through the ceilings, walls, and floors; and flowed through the rooms and hallways of the Vessel.  Plaintiffs had to defecate and urinate into plastic bags, shower drains, sinks, and/or buckets.

28.     Because of the noxious odors in their rooms, Plaintiffs slept on crowded decks and communal areas of the Vessel in fear for their safety.

29.     Plaintiffs were exposed to extreme heat and cold temperatures and waited in long lines for hours for inadequate and rationed water and food that was sometimes spoiled, raw, or uncooked.

30.     The Vessel did not have sufficient power or backup generators for cooking or hot water.

31.     Plaintiffs did not set foot on land until late Thursday or early Friday morning, February 14 and 15, 2013 in Mobile, Alabama, at which time Plaintiffs had to endure another long journey before reaching their respective homes in Texas.

32.     As a result of the above-described conditions, Plaintiffs' emotional injuries had physical manifestations, e.g., nausea, headache, fatigue, dizziness, upset stomach, insomnia,

disturbed sleep, poor sleep, and nightmares.

33.    At all relevant times, the Vessel was owned, operated, managed, and controlled by Defendant Carnival Corporation d/b/a Carnival Cruise Lines.

34.    Defendant had previously encountered related safety issues with the Vessel during the weeks leading up to the voyage in question.

## IV.
## CAUSE OF ACTION 1: NEGLIGENCE

35.    Plaintiffs re-allege all prior paragraphs as though fully set forth herein.

36.     As a common carrier, Defendant had a high duty of care to: (a) provide Plaintiffs with a safe passage aboard a seaworthy vessel and (b) exercise a high duty of care and effort to avoid subjecting Plaintiffs to suffering or inconvenience. Defendant owed a high duty to Plaintiffs to exercise reasonable care to avoid a foreseeable risk of injury to Plaintiffs.

37.    Based on the recent history of problems on the Vessel prior to leaving port and prior to the engine room fire, Defendant's management should have had high suspicions or actual knowledge that the Vessel could possibly encounter serious difficulties on this voyage, and that Defendant could not, in the event of an emergency such as encountered on this voyage, reasonably care for and keep safe the four-thousand (4000) persons on board. However, Defendant proceeded with the voyage in question anyway.

38.    Defendant's negligent acts and omissions were a direct and proximate cause

of the crippled Vessel and the resulting injuries and damages sustained by Plaintiffs.

39.     The negligent acts and omissions, among others, committed by Defendant, are

as follows:

A.     Failure to properly and adequately maintain the Vessel in a reasonable and safe manner to prevent a fire in the engine room;

B.     Failure to properly and adequately maintain the Vessel so if a fire were to break out, it would not result in loss of power to the Vessel;

C.     Failure to properly and adequately inspect the Vessel for hazards prior to leaving port and prior to the engine room fire;

D.     Failure to adequately maintain the engines and machinery of the Vessel once a fire broke out;

E.     Failure to implement adequate emergency policies and/or procedures to protect the health and welfare of passengers during a failure of the ship's systems;

F.     Failure to implement adequate policies and/or procedures to prevent the failure of shipboard systems necessary to ensure the reasonable safety of its passengers;

G.     Failing to adequately maintain and implement proper procedures to power up the Vessel after a fire did occur;

H.     Failure to erect and maintain handicap access ramps for use by handicapped Plaintiffs when there is a loss of power for the elevators on the Vessel;

I.     Failing to implement, follow, and enforce applicable safety and sanitation regulations aboard the Vessel;

J.     Failure to warn passengers of dangers that Defendant knew or should have known as to the unreasonable and unsafe conditions which existed on the Vessel prior to leaving the Texas port;

K.      Failure to adequately staff, supervise, and train staff to properly monitor and take adequate measures to abate the danger of fire;

L.      Failure to implement safety policies and procedures to abate the foreseeable risk of injury and avoid increasing the danger to Plaintiffs created by Defendant's deliberate decisions in operation of the Vessel;

M.      Failure to properly hire competent management of the Vessel;

N.      Failure to properly supervise competent management of the Vessel;

O.      Failure to provide sanitary accommodations and sanitation aboard the Vessel after the engine room fire, creating a significant risk to Plaintiffs' health and safety;

P.      Failure to provide adequate ventilation, exposing Plaintiffs to noxious odors and gases;

Q.      Failure to provide adequate food and drinking water to Plaintiffs;

R.      Failure to remedy hazardous conditions on the Vessel;

S.      Violation of the International Safety Management Code to prevent human injury;

T.      Failure to reasonably maintain the seaworthiness of the Vessel; and

U.      Failure to otherwise maintain the Vessel in a safe and reasonable manner.

40.     One or more of the above acts of negligence was a direct and proximate cause of the harm and injuries suffered by Plaintiffs.

41.     Plaintiffs invoke the doctrine of respondeat superior with respect to the acts and omissions of Defendant's officers, employees, or agents.  Plaintiffs would show that

Defendant's conduct, through its officers, employees, or agents, as set forth herein and otherwise, constituted negligence by act or omission, each, separately and together, was a direct and proximate cause of the occurrence or injuries in question and Plaintiffs' damages resulting from the occurrence in question.

42.    Plaintiffs would further show that Defendant's conduct and omissions together constituted gross negligence. Defendant either (a) created the above-described dangerous conditions, (b) had actual or constructive knowledge of the dangerous conditions and did not correct them, and/or (c) had actual or constructive knowledge of the dangerous conditions, or a similar dangerous condition, or the cause of the dangerous conditions were repetitive, continuous, ongoing, recurring, or occurring with some regularity prior to the departure in question.

## V.
## CAUSE OF ACTION 2: BREACH OF MARITIME CONTRACT

43.    Plaintiffs re-allege all prior paragraphs as though fully set forth herein.

44.    Defendant and Plaintiffs entered into a contract whereby Defendant was to provide Plaintiffs a four-day leisure cruise that included safe passage on a seaworthy vessel, adequate and wholesome food, adequate drinking water, and sanitary and safe living conditions.

45.     Defendant materially breached this contract by not providing a four-day leisure cruise that included safe passage on a seaworthy vessel, adequate and wholesome food,

adequate drinking water, and sanitary and safe living conditions.

46.     Defendant's breach of contract proximately caused Plaintiffs' injuries.

## VI.
### CAUSE OF ACTION 3: NEGLIGENT MISREPRESENTATION

47.     Plaintiffs re-allege all prior paragraphs as though fully set forth herein.

48.     Defendant, through its multi-media advertising campaign and the internet, made representations and offers to Plaintiffs for a quality, stress-free, and memorable vacation experience aboard a seaworthy vessel prior to Plaintiffs' embarkment.  Plaintiffs justifiably relied on Defendant's representations, but these representations were false.

49.     Defendant did not exercise reasonable care or competence in communicating the information when it knew or had reason to know that the Vessel was experiencing problems with its propulsion and/or engine room fire suppression equipment and/or other related seaworthiness issues with the Vessel in the weeks and/or months leading up to the voyage in question.

50.     Defendant's misrepresentations proximately caused Plaintiffs' injuries.

## VII.
### CAUSE OF ACTION 4: FRAUD BY NON-DISCLOSURE

51.     Plaintiffs re-allege all prior paragraphs as though fully set forth herein.

52.     Defendant concealed from or failed to disclose material facts that the Vessel was not seaworthy, that there were recent and ongoing safety issues with the Vessel's equipment and propulsion systems, and that Defendant might not provide a safe, sanitary, and

enjoyable passage on the Vessel to the approximately 3000 guests and 1000 staff on board. These facts were material. Defendant was deliberately silent when it had a duty to speak. Defendant knew that Plaintiffs were ignorant of the facts and the Plaintiffs did not have an equal opportunity to discover the facts.

53.     By failing to disclose these facts, Defendant intended to induce Plaintiffs to take their scheduled voyage on the Vessel and to refrain from asking for a refund or a rescheduling of their cruise.

54.     Plaintiffs relied on Defendant's nondisclosures and were injured as a result of acting without knowledge of the undisclosed facts.

## VIII.
## CAUSE OF ACTION 5: FRAUD

55.     Plaintiffs re-allege all prior paragraphs as though fully set forth herein.

56.     At all relevant times while Defendant expected Plaintiffs to take the cruise in question, Defendant made false representations to Plaintiffs concerning material facts that Plaintiffs would be provided a safe, sanitary, and enjoyable passage on a seaworthy vessel with reasonable accommodations. When Defendant made this representation, Defendant knew the representation was false or made the representation recklessly, as a positive assertion, that it might very well be false, and without knowledge of its truth.

57.     Plaintiffs relied on Defendant's representation to their detriment.

58.     Defendant's false representation caused Plaintiffs' injuries.

## IX.
## DAMAGES

59.     The facts outlined below provide a small window into Plaintiffs' horrific experience while trapped aboard the crippled Vessel:

**A.      DAMAGES for LISA PRATT**

60.     Plaintiff was injured, made sick, and has experienced discomfort. The smells of sewage, feces, and urine were strong and overwhelmed Plaintiff.  Plaintiff has incurred medical expenses in the past and in all reasonable probability such injuries and medical expenses will continue in the future.

61.     Plaintiff has also experienced dreams about their horrific experience aboard the Vessel and both have had problems sleeping.  Lisa Pratt has experienced mental anguish and emotional distress in the past and in all reasonable probability such mental anguish and emotional distress will continue in the future.

62.     Because she could not timely return to work, Plaintiff has suffered lost earnings.

63.     Plaintiff has experienced benefit-of-the-bargain damages because she lost the valuable vacation promised aboard the Vessel and instead received a near disastrous experience.

64.     Plaintiff has experienced pecuniary and out-of-pocket damages in the past related to, and including but not limited to, the cost of the cruise, transportation, additional

food and lodging, and incidentals costs.

**B.      DAMAGES for JENNA BOATNER**

65.     Plaintiff was injured, made sick, and has experienced discomfort. The smells of sewage, feces, and urine were strong and overwhelmed Plaintiff.  Plaintiff has incurred medical expenses in the past and in all reasonable probability such injuries and medical expenses will continue in the future.

66.     Plaintiff has also experienced dreams about her horrific experience aboard the Vessel and both have had problems sleeping.  Plaintiff has experienced mental anguish and emotional distress in the past and in all reasonable probability such mental anguish and emotional distress will continue in the future.

67.     Because she could not timely return to work, Plaintiff has suffered lost earnings.

68.     Plaintiff has experienced benefit-of-the-bargain damages because she lost the valuable vacation promised aboard the Vessel and instead received a near disastrous experience.

69.     Plaintiff has experienced pecuniary and out-of-pocket damages in the past related to, and including but not limited to, the cost of the cruise, transportation, additional food and lodging, and incidentals costs.

**C.      DAMAGES for NATALIE HERRINGTON, TIM HERRINGTON, LISA PIERSON, SHOSHANNAH BROADWAY, ROBIN GUEBEL, ROBERT MOWLAN, STEPHANIE MOWLAN, JAMES SHUTE, DONNA SHUTE, and JOHN GUEBEL**

---

70.     Plaintiffs were made to experience extreme discomfort. The smells of sewage, feces, and urine were strong and overwhelmed Plaintiffs. Plaintiffs have experienced bad dreams about their horrific experience aboard the Vessel and both have had problems sleeping.  Plaintiffs have experienced mental anguish and emotional distress in the past and in all reasonable probability such mental anguish and emotional distress will continue in the future.

71.     Because they could not timely return to their work, Plaintiffs have suffered lost earnings.

72.     Plaintiffs have experienced benefit-of-the-bargain damages because they lost the valuable vacation promised aboard the Vessel and instead received a near disastrous experience.

73.     Plaintiffs have experienced pecuniary and out-of-pocket damages in the past related to, and including but not limited to, the cost of the cruise, transportation, additional food and lodging, and incidentals costs.

**D.     DAMAGES for SAMANTHA TUPPER**

74.     Plaintiff was injured and made to experience extreme discomfort. The smells of sewage, feces, and urine were strong and overwhelmed Plaintiff.  Plaintiff was injured, made sick, and has experienced discomfort.  Plaintiff has incurred medical expenses in the past and in all reasonable probability such medical expenses will continue in the future.

75.    As a result of her horrific experience aboard the Vessel, Plaintiff lost sleep, had nightmares, and suffered anxiety attacks.  Plaintiff has experienced mental anguish and emotional distress in the past and in all reasonable probability such mental anguish and emotional distress will continue in the future.

76.    Because she could not timely return to work, Plaintiff has suffered lost earnings in the past.

77.    Plaintiff slipped and fell during the ordeal causing her bruising and general injuries.

78.    Plaintiff has experienced benefit-of-the-bargain damages because she lost the valuable vacation promised aboard the Vessel and instead received a near disastrous experience.

79.    Plaintiff has experienced lost time in the past for the additional time aboard the Vessel after the fire, traveling home, and seeking medical care.

## E.    DAMAGES for KATHY TUPPER

80.    Plaintiff was injured and made to experience extreme discomfort. The smells of sewage, feces, and urine were strong and overwhelmed Plaintiff.  Plaintiff was injured, made sick, and has experienced discomfort.  Plaintiff has incurred medical expenses in the past and in all reasonable probability such medical expenses will continue in the future.

81.    As a result of her horrific experience aboard the Vessel, Plaintiff lost sleep, had nightmares, and suffered anxiety attacks.  Plaintiff has experienced mental anguish and

emotional distress in the past and in all reasonable probability such mental anguish and emotional distress will continue in the future.

82.    Because she could not timely return to work, Plaintiff has suffered lost earnings in the past.

83.    Plaintiff slipped and fell during the ordeal causing her bruising and general injuries.

84.    Plaintiff has experienced benefit-of-the-bargain damages because she lost the valuable vacation promised aboard the Vessel and instead received a near disastrous experience.

85.    Plaintiff has experienced lost time in the past for the additional time aboard the Vessel after the fire, traveling home, and seeking medical care.

**F.    DAMAGES for TERESA EMLET**

86.    Plaintiff was injured and made to experience extreme discomfort. The smells of sewage, feces, and urine were strong and overwhelmed Plaintiff.  Plaintiff was injured, made sick, and has experienced discomfort.  Plaintiff has incurred medical expenses in the past and in all reasonable probability such medical expenses will continue in the future.

87.    As a result of her horrific experience aboard the Vessel, Plaintiff lost sleep, had nightmares, and suffered anxiety attacks.  Plaintiff has experienced mental anguish and emotional distress in the past and in all reasonable probability such mental anguish and emotional distress will continue in the future.

88.    Because she could not timely return to work, Plaintiff has suffered lost earnings in the past.

89.    Plaintiff slipped and fell during the ordeal causing her bruising and general injuries.

90.    Plaintiff has experienced benefit-of-the-bargain damages because she lost the valuable vacation promised aboard the Vessel and instead received a near disastrous experience.

91.    Plaintiff has experienced lost time in the past for the additional time aboard the Vessel after the fire, traveling home, and seeking medical care.

## G.    DAMAGES for ANGELA CULVER

92.    Plaintiff was injured, made sick, and has experienced discomfort. The smells of sewage, feces, and urine were strong and overwhelmed Plaintiff.  Plaintiff has incurred medical expenses in the past and in all reasonable probability such injuries and medical expenses will continue in the future.

93.    Plaintiff has also experienced dreams about their horrific experience aboard the Vessel and both have had problems sleeping.  Lisa Pratt has experienced mental anguish and emotional distress in the past and in all reasonable probability such mental anguish and emotional distress will continue in the future.

94.    Because she could not timely return to work, Plaintiff has suffered lost earnings.

---

95.    Plaintiff has experienced benefit-of-the-bargain damages because she lost the valuable vacation promised aboard the Vessel and instead received a near disastrous experience.

96.    Plaintiff has experienced pecuniary and out-of-pocket damages in the past related to, and including but not limited to, the cost of the cruise, transportation, additional food and lodging, and incidentals costs.

## H.    DAMAGES for JANELL DISCHLER

97.    Plaintiff was injured and made to experience extreme discomfort. The smells of sewage, feces, and urine were strong and overwhelmed Plaintiff.  Plaintiff was injured, made sick, and has experienced discomfort.  Plaintiff has incurred medical expenses in the past and in all reasonable probability such medical expenses will continue in the future.

98.    As a result of her horrific experience aboard the Vessel, Plaintiff lost sleep, had nightmares, and suffered anxiety attacks.  Plaintiff has experienced mental anguish and emotional distress in the past and in all reasonable probability such mental anguish and emotional distress will continue in the future.

99.    Because she could not timely return to work, Plaintiff has suffered lost earnings in the past.

100.    Plaintiff slipped and fell during the ordeal causing her bruising and general injuries.

101.    Plaintiff has experienced benefit-of-the-bargain damages because she lost the

---

valuable vacation promised aboard the Vessel and instead received a near disastrous experience.

102.    Plaintiff has experienced lost time in the past for the additional time aboard the Vessel after the fire, traveling home, and seeking medical care.

## I.    DAMAGES for DON PIERSON

103.    Plaintiff was injured, made sick, and has experienced discomfort. The smells of sewage, feces, and urine were strong and overwhelmed Plaintiff.  Plaintiff has incurred medical expenses in the past and in all reasonable probability such injuries and medical expenses will continue in the future.

104.    Plaintiff has also experienced dreams about their horrific experience aboard the Vessel and both have had problems sleeping.  Lisa Pratt has experienced mental anguish and emotional distress in the past and in all reasonable probability such mental anguish and emotional distress will continue in the future.

105.    Because she could not timely return to work, Plaintiff has suffered lost earnings.

106.    Plaintiff has experienced benefit-of-the-bargain damages because she lost the valuable vacation promised aboard the Vessel and instead received a near disastrous experience.

107.    Plaintiff has experienced pecuniary and out-of-pocket damages in the past related to, and including but not limited to, the cost of the cruise, transportation, additional

food and lodging, and incidentals costs.

## J.    DAMAGES for PATTY MAGOULAS

108.    Plaintiff was injured, made sick, and has experienced discomfort. The smells of sewage, feces, and urine were strong and overwhelmed Plaintiff.  Plaintiff has incurred medical expenses in the past and in all reasonable probability such injuries and medical expenses will continue in the future.

109.    Plaintiff has also experienced dreams about their horrific experience aboard the Vessel and both have had problems sleeping.  Plaintiff has experienced mental anguish and emotional distress in the past and in all reasonable probability such mental anguish and emotional distress will continue in the future.

110.    Because she could not timely return to work, Plaintiff has suffered lost earnings.

111.    Plaintiff has experienced benefit-of-the-bargain damages because she lost the valuable vacation promised aboard the Vessel and instead received a near disastrous experience.

112.    Plaintiff has experienced pecuniary and out-of-pocket damages in the past related to, and including but not limited to, the cost of the cruise, transportation, additional food and lodging, and incidentals costs.

## K.    DAMAGES for NATALIE MAGOULAS

113.    Plaintiff was injured, made sick, and has experienced discomfort. The smells

of sewage, feces, and urine were strong and overwhelmed Plaintiff.  Plaintiff has incurred medical expenses in the past and in all reasonable probability such injuries and medical expenses will continue in the future.

114.   Plaintiff has also experienced dreams about their horrific experience aboard the Vessel and both have had problems sleeping.  Plaintiff has experienced mental anguish and emotional distress in the past and in all reasonable probability such mental anguish and emotional distress will continue in the future.

115.   Because she could not timely return to work, Plaintiff has suffered lost earnings.

116.   Plaintiff has experienced benefit-of-the-bargain damages because she lost the valuable vacation promised aboard the Vessel and instead received a near disastrous experience.

117.   Plaintiff has experienced pecuniary and out-of-pocket damages in the past related to, and including but not limited to, the cost of the cruise, transportation, additional food and lodging, and incidentals costs.

## X.
## EXEMPLARY DAMAGES

118.   Plaintiffs' injuries resulted from Defendant's gross negligence, malice, or actual fraud, which entitles Plaintiffs to exemplary damages.

## XI.
## CLAIM FOR PRE-JUDGMENT AND POST-JUDGMENT INTEREST

119.   Plaintiffs claim interest in accordance with applicable law.

## XII.
## JURY DEMAND

120.   Plaintiffs respectfully request a jury trial.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendant be cited to appear and answer herein, and that upon final trial, Plaintiffs recover all their damages as specified above from Defendant, plus costs of Court, pre—judgment and post-judgment interest at the legal rate, and have such other and further relief, general and special, at law and in equity, to which Plaintiffs may be justly entitled under the facts and circumstances.

Respectfully submitted,

  /s/ Jeffrey T. Roebuck
**Jeffrey T. Roebuck**
T.B.N. 24027812
**ROEBUCK, THOMAS, ROEBUCK & ADAMS**
476 Oakland Street
Beaumont, Texas 77701-2011
Ph: (409) 892-8227
Fax: (409) 892-8318
jeff@roebuckthomas.com
**ATTORNEYS FOR PLAINTIFFS**